# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| ) | 3:12-cr-00025-RLY-CMM-1 |
| vs. ) | |
| ) | |
| JOSE RAMOS, ) | |
| Defendant ) | |

## REPORT AND RECOMMENDATION

A hearing was convened in this matter on July 6, 2021, on a Petition for Warrant for Offender Under Supervision filed on March 16, 2021 [Doc. 568]. A warrant was issued for the defendant's arrest and the Court set this matter for an initial appearance by video on June 15, 2021. The matter was referred to the Magistrate Judge for hearing pursuant to 18 U.S.C. 3401(i) on June 3, 2021 [Doc. 572]. The defendant waived a detention hearing and a Final Hearing was scheduled for July 6, 2021.

The Government appeared by Lauren Wheatley, Assistant United States Attorney; the defendant, Jose Ramos ("Defendant") appeared in person (in custody) and by retained counsel, Mauro L. Reyna, who appeared by video. Jennifer Considine was present on behalf of Justin Driskill of the U. S. Probation Office.

The Court advised the defendant of his constitutional rights. The defendant answered preliminary questions to ascertain his ability to understand the proceedings. The defendant was provided a copy of the petition, represented that he had an opportunity to review the petition with his counsel, and waived his right to a preliminary hearing.

After being placed under oath, the defendant admitted the allegations of Violations #1 and #2.

The Court was satisfied that the defendant had sufficient time to meet with counsel, review the nature of the violations cited in the petition, and to consider whether to admit the violations. The Court finds that the defendant, after being placed under oath, and having sufficient time to consult with counsel, made a knowing, intelligent and voluntary admission of Violations #1 and #2 cited in the Petition.

As to disposition of this matter, the Government recommended a 14-month term of incarceration and the plaintiff requested drug treatment as a condition of ongoing supervised release.

The undersigned recommends to the Court adoption of the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1.  The defendant, Jose Ramos, was sentenced on August 6, 2013, in the U. S. District Court for the Southern District of Indiana, Terre Haute Division, on the charge of Conspiracy to Possess with the Intent to Distribute and to Distribute 1,000 Kilograms or More of Marijuana. The original sentence included 120 months of confinement and 5 years of supervised release which was later amended to 96 months prison and 5 years of supervised release. Mr. Ramos' supervision commenced on August 6, 2019, and his supervision was transferred to the Southern District of Texas (SDTX).

2.  While on supervised release, the defendant violated the terms of supervised release as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. | "The defendant shall not leave the judicial district without the permission of the Court or probation officer." |

>As previously reported to the Court, on November 15, 2020, Mr. Ramos traveled to Mexico to visit his father without permission from U.S. Probation.

2. "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance."

>Mr. Ramos submitted a drug screen on February 23, 2021 which returned positive for cocaine. Mr. Ramos admitted to cocaine usage on two occasions (February 20th and 25th). Additionally, Mr. Ramos admitted marijuana usage on four occasions (February 25th, 28th, 29th and 30th). As previously reported to the Court, Mr. Ramos admitted to using cocaine on November 14, 2020.

3. The defendant was under supervision of the U.S. Probation Office in the Southern District of Texas on March 16, 2021, the date on which the Petition was filed.

4. The defendant admitted the allegations contained in the Petition in open court, under oath, and after the advice of counsel.

5. Ramos's acts violated the terms of supervised release from the original sentence as amended on December 14, 2015

6. The Magistrate Judge makes the following observations for the benefit of the District Judge:

>The defendant candidly admits his use of illegal substances and a serious addiction to drugs, in this case, cocaine. He also is a frequent user of marijuana. While the defendant appears sincere in recognizing his problem and urgently wants care, those resources simply are not available as a remedy in this situation. Moreover, the SDTX probation office has communicated that it will not accept further supervision of the defendant.

>For those reasons, a term of incarceration is an appropriate remedy. For now, at least, the undersigned also believes that maintaining supervised release through the current applicable date (August 6, 2024) is appropriate—although it seems likely this will become a disputed matter within the U.S. Probation Office at the time of the defendant's release.

7. The defendant was advised that this matter had been referred by the District Judge and that this report would be transmitted to the Court. He was advised that he would have 14 days after submission of the report to file any objections.

## Conclusions of Law

1.  The Court finds by a preponderance of the evidence that the defendant violated the terms of supervised release on and after his release from the Bureau of Prisons and while under supervision of the U. S. Probation Office.

2.  The violation noted in the Findings of Fact is a Grade B under §7B1.1(b), *United States Sentencing Guidelines* (Chapter 7, Violations of Probation and Supervised Release).

3.  The defendant's criminal history under §7B1.4(a) is Category IV.

4.  The sentencing options for this defendant include a range of imprisonment of 12 to 18 months based upon these findings and conclusions. *See,* §7B1.4(a).

5.  Based upon these findings and conclusions, the Magistrate Judge recommends that the defendant be sentenced to a term of 12 months in the custody of the U.S. Bureau of Prisons. The Magistrate Judge further recommends that the defendant's supervised release resume upon his release. To the extent possible, the Magistrate Judge further recommends placement at a facility that can initiate appropriate evaluation and intervention for drug dependency that might provide the defendant further initiative to complete treatment upon his release.

6.  In reaching these conclusions, the Magistrate Judge has considered the factors set forth in 18 U.S.C. 3553(a)(1) [nature and circumstances of the offense and the history and characteristics of the defendant, here, the violation of the terms of supervised release], (a)(2)(B) [affording adequate deterrence to criminal conduct, here, consideration of the defendant's violation and disregard of reasonable rules of supervised release], (a)(2)(c) [to protect the public from further crimes of the defendant], (a)(2)(D) [to provide the Defendant with needed medical care or other

correctional treatment], (a)(4), (a)(5) [not applicable here], (a)(6) [the need to avoid unwarranted sentence disparities among defendants with similar records], and (a)(7) [not applicable here].

## Recommendation

The undersigned recommends to the Court adoption of these Findings of Fact and Conclusions of Law and the revocation of the defendant's supervised release and the imposition of term of incarceration of 12 months. Supervised release should resume at the conclusion of the sentence.

The defendant is ORDERED detained pending the District Court's consideration of this recommendation.

Dated: July 6, 2021

Respectfully submitted,

_____
Craig M. McKee
United States Magistrate Judge

**Distribution to:**
Lauren Wheatley, U.S. Attorney's Office
Mauro L. Reyna
Justin Driskill, U.S. Probation Office
David Lewis, U. S. Marshal's Office